IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD MOTEN,

    Petitioner,              No. 2:05-cv-02008 ALA HC

    vs.

D.K. SISTO, Warden,

    Respondent.              <u>ORDER</u>

_____/

      Petitioner has timely filed a notice of appeal of this Court's July 25, 2008 order denying his application for a writ of habeas corpus. After Petitioner filed his notice of appeal, a docketing clerk entered the following text on the docket: "CERTIFICATE OF APPEALABILITY REQUIRED for processing to [the Court of Appeals]."

      For most appeals taken from orders denying habeas petitions brought pursuant to 28 U.S.C. § 2254, this statement is accurate. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ."). However, a COA is not required in *all* appeals taken from orders adjudicating 28 U.S.C. § 2254 petitions.

      When an application for federal habeas corpus challenges "the Board of Prison Terms'

1

administrative decision to deny [a] request for parole," but not "the State court judgment or sentence derived therefrom," the challenged decision relates to the execution of a petitioner's sentence. *Rosas v. Nielsen*, 428 F.3d 1229, 1231 (9th Cir. 2005).  Consequently, a petitioner challenging a parole denial need not secure a COA to appeal a district court's denial of his habeas petition because the petitioner is not challenging a detention arising out of "process issued by a State court."  28 U.S.C. § 2253(c)(1)(A).

In *Rosas*, "[t]he target of the first ground [of the] petition [was] not the State court judgment or sentence derived therefrom, but the Board of Prison Terms' administrative decision to deny his request for parole."  428 F.3d at 1232.  Here, Petitioner targets the Board of Prison Terms' administrative decision to deny him parole.  As in *Rosas*, the challenged decision relates to the execution of Petitioner's sentence, and no certificate of appealability is required.

Because no certificate of appealability is required in this case, the Clerk of the Court is DIRECTED to refer the appeal to the Ninth Circuit.

/////

DATED: August 14, 2008

                         /s/ Arthur L. Alarcón
                         UNITED STATES CIRCUIT JUDGE
                         Sitting by Designation